UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

NICOLE FRANCIS                                CIVIL ACTION NO. 6:16-CV-00457

VERSUS                                        JUDGE DOHERTY

PROGRESSIVE CASUALTY                          MAGISTRATE JUDGE HANNA
INSURANCE COMPANY and
KENYETE J. MIXON

# **ORDER**

Currently pending is the motion, filed on behalf of defendants Progressive County Mutual Insurance Company (erroneously referred to in the plaintiffs' petitions as "Progressive Casualty Insurance Company") and Kenyatta J. Mixon (erroneously referred to in the plaintiffs' petitions as "Kenyete J. Mixon"), which seeks to withdraw the defendants' notice of removal (Rec. Doc. 11). Also pending are the plaintiffs' motion to remand (Rec. Doc. 5), the defendants' motion to dismiss (Rec. Doc. 6), and the defendants' motion to withdraw the motion to dismiss (Rec. Doc. 10).

In support of the motion to withdraw the notice of removal (Rec. Doc. 11), the defendants state that they have no opposition to the plaintiffs' pending motion to remand (Rec. Doc. 5). This Court further finds that the remand motion is meritorious. The defendants removed this lawsuit from the 16th Judicial District Court, Iberia Parish, Louisiana, alleging that the court has subject-matter jurisdiction under 28

U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1] In this case, the removing defendants must bear that burden.

When, as in this case, the plaintiff does not seek recovery of a determinate amount in its complaint, the parties invoking the Court's jurisdiction have the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[2] To satisfy that burden, the defendants must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[3] In this case, the removing defendants have not established that the amount in controversy exceeds the jurisdictional threshold.

There are two plaintiffs in this case. It is alleged that plaintiff Donald R. Lopez, Jr. was driving a vehicle and that plaintiff Nicole Francis was his passenger when they were involved in a motor vehicle accident with a vehicle being driven by defendant Kenyatta J. Mixon. In support of their motion to remand, the plaintiffs

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[2] *St. Paul Reinsurance*, 134 F.3d at 1253.

[3] *St. Paul Reinsurance*, 134 F.3d at 1253.

submitted evidence showing that Mr. Lopez treated with a chiropractor for a few months after the accident and incurred medical expenses of approximately $3,000. The plaintiffs argued that the amount-in-controversy requirement as to him is not satisfied. The plaintiffs did not address whether the amount in controversy is satisfied with regard to Ms. Francis.

The United States Supreme Court has held that only one plaintiff's claims must satisfy the amount in controversy requirement in order to confer original jurisdiction over the claims of all plaintiffs in the case, stating that "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs . . . even if those claims are for less than the jurisdictional amount. . . ."[4] For this rule to apply, the plaintiffs' claims must – as in this case – arise out of the same Article III case or controversy. Several district courts in the Fifth Circuit have adopted this rule.[5] In this case, however, evidence has been presented showing that Mr. Lopez's claim does not exceed the statutory

---

[4] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005),

[5] See, e.g., *HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-CV-1048, 2012 WL 3548145, at *1-2 (W.D. La. Aug. 16, 2012); *Benjamin v. Multi-Chem Grp., L.L.C.*, No. 6:11-CV-01819, 2012 WL 3548060, at *2 (W.D. La. July 16, 2012), report and recommendation adopted, No. 6:11-CV-01819, 2012 WL 3549835 (W.D. La. Aug. 16, 2012); *Ackers v. Int'l Paper Co.*, No. CIV.A. 11-0216, 2011 WL 2559844, at *2 (W.D. La. June 28, 2011); *Stout v. Smithfield BioEnergy, LLC*, No. 3:10-CV-1185-M, 2010 WL 5487843, at *2 (N.D. Tex. Dec. 30, 2010).

threshold but no evidence has been presented with regard to the value of Ms. Francis's claim. The plaintiffs' petitions contain only vague allegations concerning her purportedly "[s]erious, painful and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, [and] loss of capacity for the enjoyment of life." (Rec. Doc. 6-1 at 10). There is no information concerning the precise nature or extent of her injuries, the type of medical treatment she has received thus far or is likely to require in the future, the cost of any such treatment, the amount of time she has lost from work, if any, or the monetary value of any other alleged damages. Therefore, it is not facially apparent that the amount in controversy exceeds the jurisdictional threshold nor have the removing defendants satisfied their burden of proving that the amount in controversy exceeds $75,000.

For these reasons, and on the record as it now exists, even if the defendants had not moved to withdraw their removal notice, this Court would have found that the removing defendants have not established that the amount-in-controversy requirement is satisfied. Lacking evidence of a sufficient amount in controversy, this Court need not consider whether the parties are diverse in citizenship.

Accordingly,

IT IS ORDERED that the defendants' motion to withdraw their removal notice (Rec. Doc. 11) is GRANTED;

IT IS ORDERED that the plaintiffs' motion to remand (Rec. Doc. 5) is GRANTED, and this matter will be remanded to the 16th Judicial District Court, Iberia Parish, Louisiana.

IT IS FURTHER ORDERED that the remaining motions (Rec. Docs. 6 and 10) are denied as moot.[6]

IT IS FURTHER ORDERED that the oral argument on the motion to remand (Rec. Doc. 5), which was previously scheduled for May 24, 2016 is CANCELED.

Signed at Lafayette, Louisiana, on April 21, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[6] Absent subject matter jurisdiction, a federal district court can take no action whatsoever. "Without jurisdiction the court cannot proceed at all in any cause." *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998), quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). See, also, e.g., *Williams v. Liberty Mutual Ins. Co.*, No. 04–30768, 2005 WL 776170, at *3 (5th Cir. Apr. 7, 2005); *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 1000 (5th Cir. 2000); *Bacani v. Dep't of Veterans Affairs*, 216 F.3d 1080, 1080 (5th Cir. 2000) (holding that because the district court lacked subject matter jurisdiction, it did not err in denying other pending motions as moot).